# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 290
VILD v. MULLIN et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4840. Decided Jan. 28, 1924

**118. AUTOMOBILES—Circumstances under which driver of automobile cannot be held liable for backing of car.**

PER CURIAM
Epitomized Opinion
Published Only in Ohio Law Abstract

Mullin brought an action against Vild to recover for damages done to an automobile resulting from an occident. The evidence disclosed that Vild was driving a truck loaded with gravel up a hill near Bedford, Ohio, and that as he reached the top of the hill the truck began to slide backward. The reason for this did not appear at the trial. He backed slowly down the hill, and as Mullin was driving a Packard car directly behind him, he also backed his car down the hill in order to avoid being struck by the truck. The truck stopped before it reached the bottom, but Mullin kept on backing and as his car reached the bottom it was struck by an Interurban car. Mullin then sued Vild. No evidence was offered tending to show a defective condition of the brakes of the truck. A judgment was rendered for plaintiff, whereupon defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the record shows no negligence on the part of Vild either in permitting the car to back down the hill or in failure to keep the car in proper repair, there was no evidence of negligence against the driver of the truck, and therefore the judgment was erroneous.

Attorneys — Dustin, McKeehan, Merrick, Arter & Stewart, for Vild; R. F. Van Lill, for Mullin et al, all of Cleveland.

No. 292
ROSS HEATER & MFG. CO. v. BIGGS
BOILER CO.
Ohio Appeals, 9th Dist., Summit County
No. 770. Decided Jan. 7, 1924

**297. CONTRACTS — Circumstances showing that contract was substantially performed by party furnishing labor and material—Where there is a conflict as to a material fact contained in contract, the question is one for the jury.**

WASHBURN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by The Biggs Boiler Works Company to recover for labor and materials furnished under a contract. The written agreement in question was made in December, 1919, but before the order was given there was considerable correspondence between the parties. Under the agreement the Biggs Company was to furnish all the labor and materials except certain tubes to be furnished by the Heater Company. The agreement was that the heaters were "to be tight and free from leaks and were to be subjected to certain hydraulic tests." The heaters when constructed were not tight and free from leaks under the tests specified, but had been constructed in accordance with the plans and specifications furnished by the Heater Company.

During the trial the court excluded letters written prior to the formation of this agreement. The trial resulted in a judgment in favor of the Biggs Company. The Heater Company prosecuted error, claiming that these letters should have been admitted in evidence and also claiming that as the heaters failed to stand the specified tests the plaintiff had not fulfilled its contract. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While the correspondence which took place prior to the agreement was admissible, enabling the court to construe the terms of the agreement, yet its exclusion was not prejudicial error for the reason that the obligation of the Biggs Co. was to do the work in accordance with the plans and specificatons of the Heater Company, of which said Heater Company had full control throughout the transaction, and the latter company impliedly warranted that if the plans and specifications were followed, the Biggs Company furnishing proper material and workmanship, the desired result would be obtained. As the defective condition of the heaters was due to faulty plans and specifications, the Heater Company is responsible therefore.

2. As there was conflicting evidence on the question whether the failure of the heaters to stand the tests specified was due to faulty design, plans and specifications, or to faulty materials and workmanship, the court properly submitted this question to the jury and it cannot be said that the finding of the jury on this question was manifestly against the weight of the evidence.

Attorneys—Slabaugh, Young, Seiberling, Huber & Guinther, for Heater Co.; Waters, Andress, Southworth, Wise & Maxon, for Biggs Company, all of Akron.